IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA- EVANSVILLE DIVISION

| | | |
|---|---|---|
| JACOBI QUENTEL FITZGERALD | ) | |
| Plaintiff, | ) | 3:25-cv-235-RLY-CSW |
| v. | ) | |
| **CREDIT ACCEPTANCE CORPORATION,** | ) | |
| and **LEVY & ASSOCIATES, LLC,** | ) | |
| Defendants. | ) | |
| | ) | |

# COMPLAINT FOR LACK OF STANDING TO REPOSSESS, BREACH OF CONTRACT,
VIOLATIONS OF FDCPA, FCRA, UCC § 9-210, TEXAS FINANCE CODE, AND STATE LAW

COMES NOW the Plaintiff, Jacobi Fitzgerald, sui juris, and for his complaint against the above named defendants, alleges the following:

I. JURISDICTION AND VENUE

• This Court has jurisdiction under 28 U.S.C. 1331, as this action arises under the Fair Debt Collection Practices Act "FDCPA", 15 U.S.C. 1692 and the Fair Credit Reporting Act "FCRA", 15 U.S.C. 1681.
• The Court has supplemental jurisdiction under 28 U.S.C. 1367 over related state law claims.
• Venue is proper under 28 U.S.C. 1391(b) because a substantial part of the events occurred in Evansville Indiana, including related litigation in Vanderburgh County Superior Court (Cause No. 82D01-2309-CC-004326).

II. PARTIES
1. Plaintiff Jacobi Fitzgerald is a natural person and "consumer" under 15 U.S.C. § 1692a(3), residing in Texas, formerly of Evansville, Indiana.
2. Defendant Credit Acceptance Corporation "CAC" is believed to be a Michigan-based finance company and debt collector under 15 U.S.C. § 1692a(6), who regularly conducts business in Indiana.

3. Defendant Levy & Associates, LLC is believed to be an Ohio-based law firm representing CAC in collections and litigation. At all times relevant, it represented CAC in Cause No. 82D01-2309-CC-004326.

III. FACTUAL ALLEGATIONS

1. On or about July 20, 2022, Plaintiff's vehicle was nearly repossessed in Texas by an agent acting on behalf of Defendant CAC, without proper notice or documentation.
2. On that date, a tow truck, acting on behalf of Defendant CAC, began removing Plaintiff's vehicle without any prior notice, identification, or documentation.
3. Plaintiff was alerted mid-process and intervened once he found the tow truck in a nearby neighborhood with his vehicle already lifted.
4. When he requested immediate return of his property, the tow operator refused, asserting Plaintiff should "take it up with CAC."
5. Plaintiff entered the vehicle to prevent its removal as police, who later ordered its release following investigation, arrived.
6. This public incident caused Plaintiff severe emotional distress, stigma, and disruption to his housing stability.
7. Plaintiff made substantial payments to CAC totaling $15,667.20.
8. CAC charged off the account on June 3, 2023, but subsequently filed suit in Indiana on September 6, 2023, despite Plaintiff's updated Texas residency.
9. In October 2023, Plaintiff sent a lawful tender and Letter of Instructions demanding accounting, balance adjustment, and title.
10. CAC rejected the tender without cause and did not issue the title until November of 2024, amid active litigation.
11. CAC initiated litigation in Indiana (Cause No. 82D01-2309-CC-004326), which involved serious procedural misconduct.
    1. During this period, CAC and Levy:
       a. Refused to validate the debt under FDCPA;
       b. Continued reporting inaccurate, negative credit information without marking the debt "disputed";
       c. Filed a false Certificate of Service which was admitted to in court on July 24, 2024;
       d. Refused to verify attorney authority under Indiana law.

    12. After Plaintiff was prejudiced by defendant's lack of notice, Plaintiff filed a Motion to Dismiss on grounds of insufficient service and failure to prosecute noting that CAC had taken no substantive action for over 150 days.
13. The Indiana trial court eventually dismissed the case on May 9, 2025, but only after Plaintiff incurred substantial and unnecessary travel costs, legal preparation, and stress, defending a procedurally flawed case.
14. CAC never provided a full accounting, title chain, or validation of the debt despite demands made under FDCPA, TILA, UCC § 9-210, and the Texas Finance Code.
15. CAC also initiated and attempted repossession in Texas without authority or legal documentation.
16. Defendants further engaged in litigation misconduct during the Indiana case:

- Defendant Levy & Associates failed to appear at two of the four scheduled court hearings, including hearings they requested.
- On the two occasions when Levy did appear, they presented no oral argument or evidentiary basis for their claims.
- CAC, although named as Plaintiff in that action, never appeared in court at any hearing.
- Despite filing a motion for summary judgment and sending discovery (interrogatories and requests for admission), Defendants never introduced or relied on this material in court.

17. This pattern of behavior supports Plaintiff's claim that Defendants' litigation was not brought in good faith, but rather a systematic effort to intimidate, pressure, confuse and exhaust Plaintiff.

IV-A. TIMELINESS AND CONTINUING VIOLATIONS

1. Although the unlawful repossession attempt occurred on July 20, 2022, Plaintiff alleges that Defendants' misconduct continued well into 2023, 2024, and 2025.
2. Ongoing violations include:
    a. Improper litigation filed in Indiana in September 2023;
    b. Continued credit reporting of inaccurate data into late 2024;
    c. Failure to mark the account "disputed";
    d. Failure to validate the debt upon request;
    e. Delay of lawful title issuance until November 2024;
    f. Abusive litigation practices, including false service and improper venue.
3. These constitute independent, actionable violations under FDCPA, FCRA, and applicable state law.
4. Alternatively, Plaintiff invokes the continuing violation doctrine and equitable tolling, as CAC's conduct represents a sustained pattern of unlawful behavior.

V. CLAIMS FOR RELIEF

COUNT I – Violation of FDCPA
(15 U.S.C. 1692g, 1692e, 1692f, 1692f(6))
- Defendants failed to validate the debt despite several written requests.
- Defendants misrepresented the debt's status by initiating litigation after charge-off and title issuance.
- CAC failed to mark the account as "disputed" and engaged in deceptive venue abuse.
- Defendants' conduct caused Plaintiff to suffer financial loss, reputational harm, and emotional distress.

COUNT II – Abusive Litigation and Venue Misconduct
(15 U.S.C. 1692f)
1. CAC and Levy filed in an improper venue after Plaintiff had relocated.

2. CAC failed to prosecute its Indiana case for 150 days, then Levy filed a surprise motion for summary judgment without proper service.
3. Levy admitted no copy had been served to Plaintiff, contradicting their certificate of service.
4. Defendants failed to verify attorney authority, and prolonged litigation in bad faith.
5. Despite initiating the case, CAC never appeared at any hearing, while Levy missed half the scheduled hearings and offered no oral argument to substantiate their claims.
6. Defendants initiated the litigation, served discovery, and moved for summary judgment but failed to engage in meaningful prosecution of the case, further evidencing an intent to harass rather than resolve a legitimate debt dispute.
7. Plaintiff suffered financial costs, lost time, and emotional distress from defending against baseless and poorly managed litigation.

COUNT III – Violation of UCC 9-210 / Indiana Code 26-1-9.1-210
- Plaintiff sent lawful requests for accounting, title, and security documentation.
- CAC failed to respond or produce chain of title or debt ownership documentation.

COUNT IV – Unjust Enrichment and Conversion
(Indiana and Texas Law)
1. CAC received $15,667.20 in payments then attempted to tow Plaintiffs vehicle. Plaintiff also delayed title release and continued collection attempts, after payment was tendered.
2. This constituted unlawful control over Plaintiff's vehicle and property.

COUNT V – Violation of Texas Debt Collection Act
(Texas Finance Code 392.301(a)(8))
1. CAC attempted to seize Plaintiff's property in Texas without lawful authority.
2. The act constituted coercion and was not supported by legal process.

COUNT VI – Fraud and Lack of Standing Based on Securitization
(Discovery-Contingent)
1. Upon information and belief, CAC sold or securitized the debt and lacked legal standing to enforce it.
2. Plaintiff seeks discovery of:
   a. Pooling & Servicing Agreement;
   b. UCC-1 filings;
   c. Complete chain of title.

COUNT VII – Violation of FCRA
(15 U.S.C. 1681s-2(b))
1. Plaintiff filed disputes with one or more Credit reporting agencies, triggering duty to investigate.
2. Defendants failed to reasonably investigate continued furnishing inaccurate data.
3. They failed even to mark the debt as "disputed" despite written disputes.

COUNT VIII – Breach of Contract
(Texas and Indiana Contract Law)
1. An agreement existed between Plaintiff and CAC.
2. Plaintiff performed by paying $15,667.20, and indorsing payoff amount and sending a letter of instructions.
3. CAC breached by:
    a. Failing to provide accounting;
    b. Delaying title issuance;
    c. Attempting repossession without authority;
    d. Continuing collections after charge-off.
    e. rejecting lawful tender without cause.
4. Plaintiff suffered financial loss, emotional distress, and reputational harm.
5. Plaintiff seeks damages and equitable relief for breach.

IX. DAMAGES

Plaintiff seeks the following relief:
1. FDCPA statutory damages: $4,000
2. FCRA statutory damages: $2,000
3. Restitution of overpayments: $15,667.20
4. Actual damages: $60,000 (travel, lost wages, legal prep emotional distress)
5. Additional distress (public embarrassment, police encounter): $25,000
6. Punitive damages: Not less than $250,000 for:
    - Willful FDCPA and FCRA violations
    - Illegal repossession
    - Litigation abuse
    - Failure to validate debts
7. Equitable and declaratory relief under FDCPA, FCRA, and UCC
8. Other relief deemed just and proper

X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Enter judgment in his favor;
2. Award compensatory, statutory, actual, and punitive damages;
3. Declare that CAC lacked legal standing to enforce or report the alleged debt;
4. Order CAC to:
    a) Cease all negative credit reporting;
    b) Mark the account "Paid and Closed";
    c) Remove any inaccurate or false tradelines;
    d) Produce all documents evidencing securitization and title chain;
5. Grant restitution and costs;
6. Grant equitable and declatory relief;

7. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Jacobi Fitzgerald, Sui juris
2301 West White ave, apt 817
Mckinney, TX 75071
Consultwcobi@gmail.com

OCT 2 1 2025

MUHAMMAD QURESHI
My Notary ID # 130047607
Expires December 9, 2026

10/21/2025

From: Jacob Fitzgerald
1301 West White ave apt 817
Mckinney TX
75071

To: United States District Court
Clerk's Office Room #304
101 Northwest MLK Boulevard
Evansville, IN 47708

U.S. POSTAGE PAID
FCM LETTER
MCKINNEY, TX 75070
OCT 22, 2025
$7.15
S2324N503547-06

47708

Retail
RDC 99

FILED
OCT 28 2025
U.S. DISTRICT COURT
EVANSVILLE, INDIANA

CERTIFIED MAIL
9589 0710 5270 2533 4501 06

ReadyPost
Document Mail