UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JACOBI QUENTEL FITZGERALD,

    Plaintiff,

  v.

CREDIT ACCEPTANCE
CORPORATION, AND LEVY &
ASSOCIATES, LLC,

    Defendants.

CASE NO. 3:25-CV-00235-RLY-CSW

**DEFENDANT LEVY & ASSOCIATES LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Levy & Associates, LLC ("Levy"), through its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. 1331 as this action under the Fair Debt Collection Practices Act "FDCPA", 15 U.S.C. § 1692, and the Fair Credit Reporting Act "FCRA", 15 U.S.C. 1681.

   **ANSWER:** Levy does not contest jurisdiction but denies any violation of the **FDCPA or FCRA.**

2. This court has supplemental jurisdiction under 28 U.S.C. 1367 for related state-law claims.

   **ANSWER:** Levy does not contest jurisdiction but denies any violation of federal or state laws.

3. Venue is proper under 28 U.S.C. 1392(b), because a substantial part of the events occurred in Evansville Indiana, including related litigation in Vanderburgh County Superior Court (Cause No. 82D01-2309-004326).

   **ANSWER: Levy does not contest venue but denies that the acts or transactions occurred as alleged by Plaintiff.**

II. **PARTIES**

1. Plaintiff Jacobi Fitzgerald is a natural person and "consumer" under 15 U.S.C. 1692a(3), residing in Texas, formerly of Evansville, Indiana.

   **ANSWER: Levy admits that Plaintiff is a natural person. Levy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies the same.**

2. Defendant Credit Acceptance Corporation "CAC" is believed to be a Michigan-based finance company and debt collector under 15 U.S.C. 1692a(6), who regularly conducts business in Indiana.

   **ANSWER: After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

3. Defendant Levy & Associates, LLC is believed to be an Ohio-based law firm representing CAC in collections and litigation. At all times relevant, it represented CAC in Cause No. 82D01-2309-004326.

   **ANSWER: Admitted.**

### III. FACTS

1. On or about 2/14/2018 Plaintiff entered into a retail installment contract financed by CAC.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

2. Plaintiff made payments totaling $15,667.20 toward the loan.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

3. CAC charged off the account on June 3, 2023.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

4. On January 7, 2024, Plaintiff sent CAC a written authenticated request for:

   - A full accounting,
   - Payoff information
   - Chain-of-title documentation, and
   - Secured-party/ownership information, pursuant to UCC 9-210 and Ind. Code § 26-1-9.1-210.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

5. CAC did not respond and provided none of the required information.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

6. On March 1, 2025, Plaintiff submitted written credit disputes to TransUnion, Experian and Equifax, disputing the accuracy and completeness of CAC's reporting, including balance, status, and ownership.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

7. Upon information and belief, each CRA notified CAC of Plaintiff's disputes.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

8. After receiving CRA notices, CAC continued furnishing information and failed to mark the account as "disputed."

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

9. After October 28, 2024, CAC continued misrepresenting the legal status and ownership of the debt, including by furnishing inaccurate balances and ownership information.

> **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

10. CAC and Levy engaged in litigation misconduct in the state-court action filed on September 6, 2023, including filing inaccurate certificates of service, repeatedly failing to appear at hearings, and offering no evidence to substantiate their claims.

    **ANSWER:** Denied.

11. CAC, through an agent, attempted to repossess Plaintiff's vehicle in Texas without any lawful authority, documentation, or proof of right to possession.

    **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

12. The tow operator acknowledged he possessed no paperwork, and Texas law enforcement ordered the release of Plaintiff's vehicle.

    **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

13. Plaintiff later tendered the remaining balance, but CAC rejected the tender and withheld title for one year before finally issuing it.

    **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

14. On information and belief, CAC has sold, assigned, securitized, or otherwise transferred its interest in the loan to a third-party special purpose vehicle "SPV", and was not the owner or person entitled to enforce the obligation during portions of the relevant time period.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

15. Despite lacking ownership or enforcement, CAC represented to Plaintiff, the CRAs, and the Indiana court that it owned and controlled the debt.

   **ANSWER:** **Denied.**

IV. **CLAIMS FOR RELIEF**

**COUNT I – FDCPA 15 U.S.C. 1692e, 1692f**

1. Plaintiff realleges all prior paragraphs.

   **ANSWER:** **Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.**

2. CAC and Levy are debt collectors under 15 U.S.C. 1692a(6).

   **ANSWER:** **Denied. Whether CAC and Levy are considered "debt collectors" as that term is defined under the FDCPA is a conclusion of law. Levy denies this conclusion and refers all questions of law to the Court.**

3. After October 28, 2024, Defendants engaged in the following violations:

   A. False Representation of Legal Status – 1692e(2)(A)

      1. CAC misrepresented that it owned the debt and was the person entitled to enforce it, despite having sold, transferred, or securitized the loan.

  **ANSWER:**  **Denied.**

  2. Misrepresenting the owner or person-entitled-to-enforce is a false representation under § 1692e

  **ANSWER:**  **Denied.**

B. Failure to Report Account as Disputed – 1692e(8)

  1. After receiving notices of Plaintiff's March 1, 2025 disputes, CAC continued furnishing information without marking the debt as "disputed."

  **ANSWER:**  **Denied.**

C. Litigation Misconduct – 1692e, 1692f

  1. After October 28, 2024, Levy and CAC:

- Filed misleading documents,
- Failed to appear at hearings they scheduled,
- Misrepresented proper service, and
- Continued litigation without evidentiary support.

  **ANSWER:**  **Denied.**

  2. These actions occurred within the one-year FDCPA limitations period.

  **ANSWER:**  **Denied.**

Plaintiff suffered actual damages, emotional distress, and legal prep/labor fees and costs.

  **ANSWER:**  **Denied.**

**COUNT II – UCC 9-210/Ind. Code 26-1-9.1-210**

1. Plaintiff realleges all prior paragraphs.

7

>    **ANSWER:** **Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.**

2. On January 7, 2024, Plaintiff submitted a valid authenticated request for accounting and secured-party information

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

3. CAC failed to provide:

   - An accounting,
   - Payoff amount,
   - Chain of title,
   - Proof of assignment/ownership,
   - Or secured-party documentation.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

4. Plaintiff was unable to verify CAC's claimed ownership or payoff amount.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

5. Under Ind. Code § 26-1-9.1-625, CAC is liable for resulting damages.

**ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

Relief: statutory damages, actual damages, and legal prep/labor fees.

**ANSWER:** **Denied.**

## COUNT III – TEXAS DEBT COLLECTION ACT

**Tex. Fin. Code 392.301(a)(8)**

1. Plaintiff realleges all prior paragraph.

    **ANSWER:** **Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.**

2. CAC attempted to repossess Plaintiff's vehicle without lawful authority.

    **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

3. CAC had no documentation authorizing repossession in Texas and provided n proof of ownership or right to possession.

    **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

4. Law enforcement required the vehicle to be released.

    **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

5. The attempted seizure violated Tex. Fin. Code § 392.301(a)(8).

   **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

6. Plaintiff suffered damages including distress and disruption.

   **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

Relief: actual damages, statutory damages, and legal prep/labor fees.

**ANSWER:** Denied.

**COUNT IV- FCRA 15 U.S.C. 1682s-2(b)**

1. Plaintiff realleges all prior paragraphs.

   **ANSWER:** Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.

2. On March 1, 2025, Plaintiff disputed CAC's reporting with:

   - TransUnion
   - Experian
   - Equifax

   **ANSWER:** After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.

3. Each CRA notified CAC of the disputes pursuant to 1681i(a)(2).

> **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

4. Upon receiving CRA notices, CAC had duties under 1681s-2(b) to:

    - Conduct a reasonable investigation,
    - Review relevant information,
    - Correct inaccuracies, and
    - Report the account as disputed.

    > **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

5. CAC failed to conduct a reasonable investigation and continued furnishing inaccurate information.

    > **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

6. CAC failed to report the account as "disputed."

    > **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

7. CAC continued to misrepresent ownership, status and balance after CRA notification.

    **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

8. Plaintiff suffered damages including emotional distress, credit harm, denial of credit opportunities, and reputational injuries.

    **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

Relief: actual damages, statutory damages, punitive damages, and legal prep/labor fees.

**ANSWER:** **Denied.**

### COUNT V – FRAUD

1. Plaintiff realleges all prior paragraphs.

    **ANSWER:** **Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.**

2. Plaintiff pleads fraud with particularity in accordance with Rule 9(b):

    - CAC, through employees and litigation counsel, represented that CAC owned the debt and had authority to enforce it.

    - Throughout 2023-2025, including post-October 28, 2024 reporting and litigation filings, CAC concealed assignments, securitization, and chain-of-title documents; and asserted ownership despite lacking legal entitlement.

    - This was dine in the Vanderburgh County lawsuit, in written communications to Plaintiff, and in credit reporting.

    **ANSWER:** **The Court dismissed Count V and thus no response is necessary.**

3. CAC knew, or recklessly disregarded, that its representations were false.

   **ANSWER:** **The Court dismissed Count V and thus no response is necessary.**

4. Plaintiff reasonably relied on these representations.

   **ANSWER:** **The Court dismissed Count V and thus no response is necessary.**

5. Plaintiff suffered damages, including costs, hardship, distress, and credit harm.

   **ANSWER:** **The Court dismissed Count V and thus no response is necessary.**

Relief: actual damages, punitive damages, labor/legal prep fees.

**ANSWER:** **The Court dismissed Count V and thus no response is necessary.**

**COUNT VI – BREACH OF CONTRACT**

**Breach of Contract**

**(Texas and Indiana Contract Law)**

1. Plaintiff realleges all prior paragraphs.

   **ANSWER:** **Defendant Levy repeats and realleges its answers to the above paragraphs as though fully set forth herein.**

2. An agreement existed between Plaintiff and CAC.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

3. Plaintiff performed by paying $15,667.20, and indorsing payoff amount and sending a letter of instructions.

   **ANSWER:** **After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

4. CAC breached by:

    a. Failing to provide accounting;

    b. Delaying title issuance;

    c. Attempting repossession without authority;

    d. Continuing collections after charge-off;

    e. Rejecting lawful tender without cause.

    f. Misrepresenting ownership and enforcement rights.

    **ANSWER:   After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

5. Plaintiff suffered financial loss, emotional distress, and reputational harm.

    **ANSWER:   After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

6. Plaintiff seeks damages labor/legal prep fees and equitable relief for breach.

    **ANSWER:   After reasonable inquiry, Levy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies the same.**

V.   **DAMAGES**

1. **Actual Damages:**

    Including but not limited to financial loss, credit harm, emotional distress, public embarrassment and humiliation arising from the (police involved) repossession

incident, reputational harm, out-of-pocket expenses, and interference with property rights, in an amount to be determined at trial.

**ANSWER:** **Denied.**

2. **Restitution:**

Return of all payments made to CAC during periods in which CAC lacked standing or misrepresented ownership, including payments totaling $15,667.20, subject to refinement through discovery.

**ANSWER:** **Denied.**

3. **Statutory Damages:**

As authorized under the FDCPA 15 U.S.C. 1692k, FCRA 15 U.S.C. 1681n, 1691o, Texas Finance Code Chapter 392, and Ind. Code 26-1-9.1-625.

**ANSWER:** **Denied.**

4. **Punitive/Exemplary Damages:**

For willful, malicious, and reckless conduct associated with the FCRA violations, fraud, and related misconduct.

**ANSWER:** **Denied.**

5. **Fees, Costs and Interest**

Including labor/legal preparation costs, and all pre= and post-judgment interest as permitted by law.

**ANSWER:** **Denied.**

VI. **WHEREFORE, Plaintiff moves this Honorable Court to award.**

1. Actual damages; and additional distress (public embarrassment, police encounter)

2. Statutory damages under the FDCPA, FCRA, and Texas Finance Code;

3. Punitive damages on the fraud and FCRA claims;

4. Restitution of all payments made while CAC lacked standing to collect.

5. Legal prep/labor fees and costs;

6. Pre- and post-judgment interest;

7. Any further relief deemed just and proper.

**ANSWER:** Denied.

VII. **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**ANSWER:** **Levy demands a trial by jury.**

**AFFIRMATIVE DEFENSES**

1. Levy asserts that the allegations in Plaintiff's Amended Complaint fail to establish that Plaintiff has suffered an injury-in-fact sufficient to confer Article III standing.

2. Any violation of law by Levy, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error, and therefore pursuant to 15 U.S.C. § 1692k(c), Levy should have no liability to Plaintiff.

3. Plaintiff has failed to state a claim upon which relief may be granted. Therefore, Plaintiff's claims should be dismissed or withdrawn.

4. Plaintiff has failed to mitigate his damages, if any.

5. Plaintiff's own negligence contributed to and caused any alleged damages he may have suffered. As a consequence of such negligence, Plaintiff's claims against Defendants, including Levy, are either barred or reduced.

6. Plaintiff's claims are barred by the applicable statutes of limitations.

7. Any alleged injuries Plaintiff sustained were caused, in whole or in part, by an intervening, alternate, and/or superseding cause.

8. Plaintiff is not represented by counsel. Therefore, Plaintiff's Prayer for relief, to the extent he seeks attorneys' or legal fees, should be stricken or withdrawn.

9. Plaintiff's disputes are subject to binding arbitration per the terms of the agreement between Plaintiff and the original creditor. Levy intends to compel arbitration.

10. Levy reserves the right to amend this Answer and Affirmative Defenses to set forth any and all other affirmative defenses presently existing or that may be learned through discovery and/or further proceedings in this matter.

WHEREFORE, Levy demands judgment dismissing Plaintiff's Amended Complaint together with costs, disbursements, attorneys' fees, and any other relief as the Court may deem just and equitable.

Dated this 3rd day of February 2026.

          Respectfully submitted,


<u>*/s/ Stephanie A. Strickler*</u>
Stephanie A. Strickler
Messer Strickler Burnette, Ltd.
142 W. Station Street
Barrington, IL 60010
(312) 334-3469
(312) 334-3473 (fax)
sstrickler@messerstrickler.com

*Counsel for Defendant Levy & Associates, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and, therefore, served electronically on all counsel of record. The undersigned further certifies that a copy of the foregoing was mailed via U.S. Mail to the following:

Jacobi Fitzgerald
2301 West White Ave, Apt. 817
Mckinney, TX 75071

                */s/ Stephanie A. Strickler*
                Stephanie A. Strickler
                Messer Strickler Burnette, Ltd.
                142 W. Station Street
                Barrington, IL 60010
                (312) 334-3469
                (312) 334-3473 (fax)
                sstrickler@messerstrickler.com

                *Counsel for Defendant Levy & Associates, LLC*