**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| JACOBI QUENTEL FITZGERALD, ) | |
| ) | |
| Plaintiff, ) | Case No: 3:25-cv-00235 |
| ) | |
| v. ) | Judge Richard L. Young |
| ) | |
| CREDIT ACCEPTANCE CORPORATION, ) | Magistrate Judge Crystal S. Wildeman |
| LEVY & ASSOCIATES, LLC, ) | |
| ) | |
| Defendants. | |

**CREDIT ACCEPTANCE CORPORATION'S REPLY**
**IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION**

Defendant Credit Acceptance Corporation ("Credit Acceptance"), by counsel, submits this Reply in support of its Motion to Compel Arbitration (ECF No. 19.)

**INTRODUCTION**

Plaintiff does not contest that he is bound by the Arbitration Clause, that the Arbitration Clause is valid and enforceable, or that his claims fall within the scope of the "Disputes" he agreed to arbitrate. Thus, Plaintiff has conceded these issues. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Nevertheless, Plaintiff resists arbitration on the theory that Credit Acceptance "waived" its right to arbitrate by (i) previously initiating a state-court collection action; and (ii) filing appearances, a Rule 7.1 disclosure statement, and its Motion to Compel Arbitration. Plaintiff's assertions are misguided and his claims must be arbitrated.

**ARGUMENT**

The Federal Arbitration Act ("FAA") was enacted "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the

same footing as other contracts." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) Consistent with this "strong federal policy" favoring arbitration, "parties asserting waiver bear a 'heavy burden' and courts should not 'lightly infer' waiver." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992). Plaintiff fails to meet that heavy burden here.

I.  **Credit Acceptance's Prior Collection Action Did Not Waive Its Right to Arbitrate**

Plaintiff argues that because Credit Acceptance "previously initiated a state-court collection action against Plaintiff concerning the same retail installment contract and alleged debt at issue here," Credit Acceptance waived its right to arbitrate his claim in this lawsuit. (Resp. at 1., ECF No. 23.) However, the Seventh Circuit has rejected this exact theory and held that litigating a separate—albeit related—case does not waive a party's right to compel arbitration in a later-filed action. *See Kawasaki*, 660 F.3d at 996. The court in *Ramirez v. Midland Funding, LLC*, 2019 WL 2568478, at *7 (N.D. Ill. June 21, 2019), addressed a similar argument and held that the "Defendant did not waive its right to arbitrate the FDCPA claim in this case merely by filing an earlier, separate claim to collect the debt on the account." *See also Wheeler v. Cavalry SPV I, LLC*, 593 F.Supp.3d 878, 884 (W.D. Wis. 2022) ("[T]he small claims action filed by Cavalry against plaintiff was a distinct action, and does not operate as a waiver in the present case.").

Plaintiff's argument is also foreclosed by the express language of the Arbitration Clause itself, which provides that either party "*may* require any Dispute to be arbitration and may do so before or after a lawsuit has been started . . . If You or We elect to arbitrate a dispute, this Arbitration Clause applies. (Donkerbrook Aff., Ex. A. at 4, ECF No 20-2.) As the court observed in *Ramirez*, agreements drafted in this manner permit either party to elect

arbitration for a given dispute, but they do not mandate that *every* claim must be arbitrated. *Ramirez*, 2019 2568478, at *7. Credit Acceptance's earlier collection action therefore does not amount to a waiver of its right to arbitrate Plaintiff's present claims.

## II.     Credit Acceptance's Mere Appearance in this Case Does Not Constitute Waiver

Plaintiff contends that Credit Acceptance waived its right to arbitration by filing its appearances, Rule 7.1 disclosure, and Motion to Compel Arbitration and by engaging in unspecified "litigation conduct and settlement communications." (Resp. at 3.) Waiver requires substantial participation in litigation—such as engaging in discovery, litigating the merits, or significantly delaying invocation of arbitration. *Kawasaki*, 660 F.3d at 994. Routine procedural filings and a timely motion to compel arbitration do not approach this standard. Indeed, Credit Acceptance filed its Motion to Compel Arbitration before even answering the Complaint and its Rule 7.1 disclosure is a mandatory filing. *See Nellum v. Credit Acceptance Corp.*, 2025 WL 3222813, at *4–5 (S.D. Ind. Nov. 18, 2025) (finding that Credit Acceptance did not waive arbitration by removing case to federal court and then filing a motion to compel arbitration instead of answering the complaint).

Even Plaintiff's own authority confirms that no waiver occurred here. In *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, the defendant removed the case to federal court, engaged in extensive discovery, and delayed seeking arbitration until *six months before the trial date*, effectively "dropp[ing] a bombshell" late in the proceedings. 50 F.3d 388, 389 (7th Cir. 1995). By contrast, Credit Acceptance has demanded that Plaintiff arbitrate his claims from the outset of this case, it has not filed any motions regarding the merits of the claims, and no discovery at all has taken place. In short, Plaintiff's contentions

3

lack any basis in fact or law and Credit Acceptance clearly has not waived its right to arbitration.

## **CONCLUSION**

The Arbitration Clause is valid and enforceable and encompasses Plaintiff's claims. For these reasons, Plaintiff should be required to pursue his claims, if at all, in arbitration. Accordingly, the Court should stay the litigation and compel Plaintiff to initiate arbitration proceedings within 30 days; and should he fail to do so, this Court should dismiss his claims with prejudice.

          Respectfully submitted,

          CREDIT ACCEPTANCE CORPORATION

        By: /s/ Nicholas Vera
          One of its attorneys

James J. Morrissey
Nicholas Vera
Pilgrim Christakis LLP
One South Dearborn, Suite 1420
Chicago, Illinois 60603
Ph. (312) 470-6222
Fax (312) 939-0983
jmorrissey@pilgrimchristakis.com
nvera@pilgrimchristakis.com

**CERTIFICATE OF SERVICE**

      Nicholas Vera, an attorney, certifies that on February 20, 2026, he electronically filed the foregoing Credit Acceptance's Reply in Support of its Motion to Compel Arbitration with the Clerk of the Court by using the CM/ECF system, and sent the same via U.S. Mail with proper postage prepaid to the following:

Jacobi Fitzgerald
2301 W. White Ave, Apt 817
McKinney, TX 75071

                                            /s/Nicholas Vera